SMITH, Appellant,

v.

**KINGS ENTERTAINMENT COMPANY, d.b.a.**
**Kings Island Amusement Park, Appellee.**

[Cite as *Smith v. Kings Entertainment Co.* (1994), 99 Ohio App.3d 1.]

Court of Appeals of Ohio,
Hamilton County.

No. C–930952.

Decided Nov. 30, 1994.

---

*Law Offices of Arnold S. Levine* and *Dennis J. Lamm,* for appellant.

*Thompson, Hine & Flory, David Rickert* and *Deborah D. Hunt,* for appellee.

---

*Per Curiam.*

The plaintiff-appellant, Meredith Smith, has taken the instant appeal from the order of the trial court granting the motion for summary judgment filed by the defendant-appellee, Kings Entertainment Company ("Kings Island"). In her single assignment of error, Smith argues that summary judgment was improvi-

dently granted on her claim for negligent infliction of emotional distress. We disagree and affirm the judgment of the trial court.

On June 9, 1991, Smith and several of her friends were guests at Kings Island Amusement Park. After an unspecified period of time, Smith met another friend, Eddie Haithcoat, and some of his friends. The two groups enjoyed the attractions at the park until approximately 8:30 that evening. At that time, while walking across the "German Beer Garden" bridge, one of the persons in the group, Tim, touched the water as it streamed upwards from the fountain. Unbeknownst to Tim, the water was electrified and a powerful surge of electricity caused him to lose consciousness and to fall into the pond. At the urging of Smith, Haithcoat jumped into the water to help his friend, and he, like Tim, was subjected to a tremendous electrical shock. With two patrons in the water and in obvious distress, a park security guard also entered the water, where he too was overcome by waves of electricity. Haithcoat and the security guard were unable to recover from their injuries and were pronounced dead at the scene.

On September 18, 1992, Smith filed an action in the Hamilton County Court of Common Pleas against Kings Island on her claim for negligent infliction of emotional distress. In her complaint, Smith averred that as a result of Kings Island's negligent failure to maintain its premises, she suffered severe emotional distress when she witnessed the death of a close personal friend. After filing a timely answer, Kings Island moved for summary judgment on the claim. The trial court, in granting the motion, found that Smith and Haithcoat did not have the requisite close relationship to sustain a claim for negligent infliction of emotional distress.

In her single assignment of error, Smith alleges that the trial court erred in granting Kings Island's motion for summary judgment. This assignment is overruled.

In *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759, paragraph three of the syllabus, the Ohio Supreme Court held that a bystander to an accident states a cause of action for negligent infliction of emotional distress when the bystander demonstrates that he or she suffered serious emotional injuries and that the injuries were reasonably foreseeable. Initially, the severity of the emotional injury is a question of law to be determined by the trial court. *Id.* at 78, 6 OBR at 119, 451 N.E.2d at 765–766. The court in *Paugh* utilized an objective standard in conducting its examination of this issue, requiring emotional injury that is severe and debilitating, so much so that a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case. *Id.* at paragraph three of the syllabus.

In this case, the parties did not debate the question of the severity of the emotional injury allegedly suffered by Smith. Rather, the focal point of the dispute and the sole issue to be decided in this case centers upon whether Smith's alleged injuries were reasonably foreseeable. In order to determine if a negligently inflicted emotional injury was reasonably foreseeable, the court in *Paugh*, at paragraph three of the syllabus, set forth the following three factors to be considered:

"(1) whether the plaintiff was located near the scene of the accident, as contrasted with one who was a distance away; (2) whether the shock resulted from a direct emotional impact upon the plaintiff from sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) whether the plaintiff and victim (if any) were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship."

Here, it is apparent that Smith, in witnessing Haithcoat being electrocuted, satisfied the first two factors delineated above. The crucial determination to be made, therefore, is whether the relationship between Smith and Haithcoat was sufficiently close so that the alleged mental distress suffered by Smith was reasonably foreseeable.

The record reveals that Smith and Haithcoat were friends, that the two had known each other for approximately one and one-half years, that they had never been romantically involved, and that they had contact with each other, by telephone or otherwise, quite frequently. While we agree that this is but one factor to be considered under *Paugh*, and that the failure by a plaintiff to demonstrate its presence is not, in all cases, fatal to the plaintiff's claim, we are not convinced, under the circumstances in the case *sub judice*, that Smith and Haithcoat were closely related in a manner sufficient to demonstrate that Smith's alleged emotional injuries were reasonably foreseeable. As we see it, the nature of the relationship did not give rise to a compensable claim for negligent infliction of serious emotional distress. *Paugh, supra.* The appellee, therefore, was entitled to judgment as a matter of law on that claim. *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 617 N.E.2d 1129.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

Shannon, P.J., and Klusmeier, J., concur.

Bettman, J., dissents.

M.B. Bettman, Judge, dissenting.

I respectfully disagree with the majority's interpretation of *Paugh v. Hanks.* In order to recover for severe emotional distress, *Paugh* considers three factors

significant. They are proximity to the accident, whether the plaintiff personally observed what happened, and whether the plaintiff and victim were closely related. Appellee concedes the plaintiff in this case met the first two. However, the Supreme Court made it absolutely clear in its decision that these factors are only that: factors to be considered, not prerequisites to recovery. In the court's own words, the term factor "should be underscored to alleviate any misconception that such factors are requirements," and "the mere failure of a plaintiff to satisfy all of them should not preclude an aggrieved party from recovery." *Id.* at 79, 6 OBR at 120, 451 N.E.2d at 766.

Meredith Smith, then twenty-one years old, not only saw her friend Eddie Haithcoat electrocuted in a malfunctioning fountain of water, but had, in fact, exhorted him to jump in to rescue another member of their group who had apparently fallen into the water. As Eddie was screaming, a security guard rushed over to help. Meredith begged him not to jump in, but he did. Haithcoat and the security guard were killed. The fact that she suffered emotional injuries that are both severe and debilitating is not challenged at this point in the proceedings.

The fact that Smith and Haithcoat were only friends has, to me, a bearing only on the extent of her damages, not on her right to recover. The jury can easily be instructed that that is one factor they may consider when determining her damages. I believe this is consistent with the flexible case-by-case approach suggested in *Paugh*. I would reverse the entry of summary judgment.